|  |  |  |
|---|---|---|
| ASIA COWANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| CHARTER COMMUNICATIONS, LLC | ) | |
| d/b/a SPECTRUM, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Charter Communications, LLC d/b/a Spectrum ("Charter"), by and through the undersigned counsel, hereby removes Case No. 26CV014814-590, *Asia Cowans v. Charter Communications, LLC d/b/a Spectrum*, from the General Court of Justice of Mecklenburg County in the State of North Carolina ("State Court Action"), to the United States District Court for the Western District of North Carolina. Charter removes the State Court Action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the factual and legal grounds discussed below.

I.      **PLEADINGS, PROCESS, AND ORDERS**

1.      On or about March 15, 2026, Plaintiff Asia Cowans ("Plaintiff") commenced the State Court Action.

2.      On May 13, 2026, Charter was served with a Summons and the Complaint.

3.      A complete copy of the file from the State Court Action, including a copy of the Summons, Complaint, and all pleadings, process, and orders served on Charter, as well as a copy of the docket sheet and all documents filed in the State Court Action, is attached hereto as **Exhibit A**, in accordance with 28 U.S.C. § 1446(a).

## II.  DIVERSITY JURISDICTION

4.      This Court has original jurisdiction under 28 U.S.C. § 1332(a), and the State Court Action is removable under 28 U.S.C. § 1441(a), because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      To establish diversity jurisdiction, a party must show: (1) the parties are completely diverse, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant, and (2) the amount in controversy exceeds $75,000. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

### Citizenship

6.      Plaintiff alleges she is a citizen and resident of the State of South Carolina. (Compl., at ¶ 7).

7.      Charter is not a citizen of the State of South Carolina. For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners and members are citizens. *Cent. W. Virginia Energy Co.*, 636 F.3d at 103. As demonstrated below, none of Charter's owners or members are citizens of South Carolina or North Carolina:

> a.  Charter Communications, LLC is a Delaware limited liability company with its principal place of business in Missouri.
> b.  The sole member of Charter Communications, LLC is Charter Procurement Leasing, LLC, a Delaware limited liability company with its principal place of business in Missouri.
> c.  The two members of Charter Procurement Leasing, LLC are Charter Communications Operating, LLC and Charter Leasing Holding Company, LLC, both Delaware limited liability companies with their principal place of business in Missouri.
> d.  The sole member of Charter Leasing Holding Company, LLC is Charter Communications Operating, LLC.
> e.  The sole member of Charter Communications Operating, LLC is CCO Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.
> f.  The sole member of CCO Holdings, LLC is CCH I Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

20153903
4911-2367-0964, v. 1

g. The sole member of CCH I Holdings, LLC is CCHC, LLC, a Delaware limited liability company with its principal place of business in Missouri.

h. The sole member of CCHC, LLC is Charter Communications Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

i. The sole member of Charter Communications Holding Company, LLC is Spectrum Management Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

j. The sole member of Spectrum Management Holding Company, LLC is Charter Communications Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

k. The five members of Charter Communications Holdings, LLC are:
   i. CCH II, LLC, a Delaware limited liability company with its principal place of business in Missouri;
   ii. Insight Blocker LLC, a Delaware limited liability company with its principal place of business in Missouri;
   iii. Hunter Acquisition Holdings, Inc., a Delaware corporation with its principal place of business in Missouri;
   iv. CCH Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri; and
   v. Advance/Newhouse Partnership, a New York General Partnership with its principal place of business in New York.

l. The sole member of CCH II, LLC is Charter Communications, Inc., a publicly held Delaware corporation with its principal place of business in Connecticut.

m. The sole member of Insight Blocker LLC is Charter Communications, Inc.

n. The sole shareholder of Hunter Acquisition Holdings, Inc. is Charter Communications, Inc.

o. The sole member of CCH Holding Company, LLC is Charter Communications, Inc.

p. The partners of Advance/Newhouse Partnership are:
   i. A/NPC Holdings LLC, a Delaware limited liability company with its principal place of business in New York, and
   ii. A/NP Holdings Sub LLC, a Delaware limited liability company with a principal place of business in New York.

q. The sole member of A/NP Holdings Sub LLC is A/NPC Holdings LLC.

r. The two members of A/NPC Holdings LLC are:
   i. Newhouse Cable Holdings LLC, a New York limited liability company with its principal place of business in New York, and
   ii. Advance Communications Company LLC, a New York limited liability company with its principal place of business in New York.

s. The sole member of Newhouse Cable Holdings LLC is Newhouse Broadcasting Corporation, a New York corporation with a principal place of business in New York.

t. The sole member of Advance Communications Company LLC is Newark Morning Ledger LLC, a New Jersey limited liability company with its principal place of business in New Jersey.

201539925
4911-2367-0964, v. 1

u. The sole member of Newark Morning Ledger LLC is Advance Magazine Publishers, Inc., a New York corporation with its principal place of business in New York.

(**Exhibit B**, Matkovich Decl., at 4).

8. Plaintiff and Charter are citizens of different states, and complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

9. Charter is not a citizen of North Carolina, and removal is not barred by 28 U.S.C. § 1441(b)(2).

## Amount In Controversy

10. When a defendant removes to federal court on the basis of diversity jurisdiction, the defendant need only plausibly allege that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86 (2014). Furthermore, "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 82.

11. Under 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy..." When the plaintiff's Complaint does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013). To satisfy this standard, the removing party need only establish "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id*. (internal citations omitted).

12. Plaintiff's Complaint does not specify the amount in controversy, other than noting Plaintiff is seeking, *inter alia*, financial losses that include alleged lost wages, compensatory damages, emotional distress damages, and all "costs of this action as allowed by law." (Compl., at Prayer For Relief).

201539703
4911-2367-0964, v. 1

13.     Plaintiff seeks, *inter alia*, compensatory damages including, but not limited to, lost wages and lost earning capacity. (Compl., at Prayer For Relief).

14.     Plaintiff's employment with Charter was separated on or about March 13, 2023, at which time she was earning approximately $22.27 per hour. Approximately 169 weeks have elapsed between Plaintiff's job separation and June 5, 2026. As a result, Plaintiff's estimated backpay at the time of removal would be in excess of $150,545.20. (**Exhibit B**, Matkovich Decl., at 7-9).

15.     Without admitting any liability whatsoever, and the same being expressly denied, Charter is informed and believes that, if Plaintiff's claims were proven true, at the time of removal she would be entitled to damages totaling over $75,000.

16.     In total, Plaintiff seeks more than $75,000 in damages and relief.  The amount in controversy requirement of 28 U.S.C. § 1332 is thus satisfied.

## III.     <u>TIMELINESS OF REMOVAL</u>

17.     This Notice of Removal is timely.

18.     Charter was served with the Summons and Complaint on May 13, 2026. (*See* **Exhibit A**).

19.     Charter now files this Notice of Removal within 30 days of receiving service of the Summons and Complaint. (*See* **id.**).

## VI.     <u>CHARTER HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL</u>

20.     Contemporaneously herewith, Charter filed a copy of this notice of removal in the General Court of Justice of Mecklenburg County, in the State of North Carolina, in accordance with 28 U.S.C. § 1446(d).

21. Charter will contemporaneously serve Plaintiff with a copy of this Notice, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully removes this action, currently pending in the Superior Court of Mecklenburg County in the State of North Carolina, entitled *Asia Cowans v. Charter Communications, LLC d/b/a Spectrum*, and assigned Case No. 26CV014814-590, to the United States District Court for the Western District of North Carolina.

This the 11<u>th</u> day of June, 2026.

**CRANFILL SUMNER LLP**

BY: */s/ Samantha M. Owens*
Samantha M. Owens, NC Bar #62580
*Attorneys for Defendant Charter Communications, LLC*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
sowens@cshlaw.com

**THOMPSON COBURN LLP**
By: *Pro Hac Vice Forthcoming*

Becky M. Christensen
Stephanie L. Milner
One US Bank Plaza, Suite 2700
St. Louis, Missouri 63101-1611
Telephone: 314.552.6068
Facsimile: 314.552.7000
bchristensen@thompsoncoburn.com
smilner@thompsoncoburn.com

*Attorneys for Defendant Charter Communications, LLC*

20153903
4911-2367-0964, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and mailed the document via the United States Postal Service, postage pre-paid and addressed to

Asia Cowans
236 W. Main Street
Rock Hill, SC 29730

This the 11th day of June, 2026.

**CRANFILL SUMNER LLP**

BY: */s/ Samantha M. Owens*
Samantha M. Owens, NC Bar #62580
*Attorneys for Defendant Charter Communications, LLC*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
sowens@cshlaw.com

2015390v3
4911-2367-0964, v. 1